IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



DAWN ADAMS,

    **Plaintiff,**

v.

APPLIED BUSINESS SECURITY, INC.    CIVIL NO. 2:17cv527
d/b/a SECURITY COLLECTION
AGENCY

and

EQUIFAX INFORMATION SERVICES,
LLC,

    **Defendants.**

## OPINION AND ORDER

This matter comes before the Court upon Dawn Adams' ("Plaintiff") Motion for Default Judgment as to liability against defendant Applied Business Security, Inc. d/b/a Security Collection Agency ("SCA"). ECF No. 11. For the reasons set forth below, Plaintiff's motion is **STAYED** pending resolution of Plaintiff's case on the merits against defendant Equifax Information Services, LLC ("Equifax").

### I.    PROCEDURAL BACKGROUND

Plaintiff filed the instant lawsuit on October 6, 2017. ECF No. 1. Her complaint seeks actual, statutory and punitive damages and attorneys' fees and costs against SCA and Equifax for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., as well as actual and punitive damages and costs against SCA for alleged defamation under Virginia law. Id. On November 2, 2017, Equifax filed its answer and defenses to Plaintiff's complaint. ECF No. 5. However, SCA has yet to file an answer or otherwise appear in this lawsuit.

1

The record of this case shows that SCA was properly served process pursuant to Rule 4 of the Federal Rules of Civil Procedure and Section 8.01-329 of the Virginia Code via service upon the Secretary of the Commonwealth whose Certificate of Compliance was docketed on October 19, 2017. See ECF No. 4. When SCA failed to answer or otherwise appear within twenty-one days of such service, Plaintiff asked the Clerk to enter default as to SCA pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 8. On November 11, 2017, the Clerk entered default as to SCA as requested. ECF No. 9.

On January 10, 2018, Plaintiff filed the instant motion for default judgment as to liability against SCA ("Motion for Default Judgment") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Rule 55(b)"). ECF No. 11. To date, SCA has not responded. Plaintiff's Motion for Default Judgment is now before the Court.

## II. DISCUSSION

Plaintiff seeks entry of default judgment as to liability against SCA, one of the two named defendants in this case, and indicates that Plaintiff will "seek a trial by jury on the issues of damages to be awarded against [SCA]" after such judgment is entered. ECF No. 11 at 1. Rule 54(b) of the Federal Rules of Civil Procedure authorizes the Court to enter final judgment as to fewer than all named defendants in a lawsuit following an express determination that "there is no just reason for delay." Fed. R. Civ. P. 54(b). The question now before the Court is whether the possibility of inconsistent judgments in the instant action constitutes a "just reason" to delay entry of default judgment against SCA. See Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 530 (E.D. Va. 2000). For the reasons below, the Court finds that it does.

### A. THE FROW RULE AND ITS PROGENY

The Supreme Court first addressed this issue in Frow v. De La Vega, 82 U.S. 552 (1872). In Frow, the plaintiff alleged that several defendants jointly conspired to defraud him. The trial

2

court entered default judgment against one defendant, Frow, who failed to appear, but subsequently found in favor of the remaining defendants who appeared and litigated the case on the merits. On appeal, the Supreme Court condemned these inconsistent judgments as "unseemly and absurd" and ultimately vacated the default judgment against Frow. Id. at 554.

Since the adoption of Rule 54(b), many jurisdictions have construed the Frow rule to apply only to situations of "true joint liability" among defendants. See Phoenix Renovation Corp., 197 F.R.D. at 583 (collecting cases). However, the Fourth Circuit has interpreted Rule 54(b) to extend the holding of Frow to situations where defendants' liability is joint and/or several or otherwise closely interrelated. U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944–45 (4th Cir. 1967). Therefore, in light of Peerless Insurance, this Court has consistently avoided entry of default judgment against one defendant where there is a risk of unavoidable inconsistency with a later judgment with respect to other defendants. See, e.g., Phoenix Renovation Corp., 197 F.R.D. at 583; Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 436 (E.D. Va. 2006); Southern Bank and Trust Co. v. Prosperity Beach, LLC, No. 2:14cv270, 2014 WL 4976598 (E.D. Va. 2014).

B.  ANALYSIS

In order to determine whether the Frow rule should apply in the instant case, a brief summary of Plaintiff's complaint is required.

1.  Summary of Allegations in Plaintiff's Complaint

Plaintiff claims that in August, 2015, she was erroneously billed by a hospital for medical services for which she was not responsible. Compl., ECF No. 1, ¶¶ 7–10. Despite her alleged attempts to resolve the billing error with the hospital, Plaintiffs claims that the hospital forwarded the unpaid bill to SCA, a "debt collector" within the meaning of the FCRA. 15 U.S.C. § 1692a(a)(6). Id. ¶¶ 10–12. Plaintiff further claims that in December, 2015, she received a

3

dunning letter from SCA with respect to the unpaid hospital bill, and she soon learned that SCA had reported the debt to Equifax, a "consumer reporting agency" ("CRA") within the meaning of the FCRA. 15 U.S.C. § 1681a(f). Id. ¶¶ 14–15, 5. Plaintiff further claims that, between December 2015 and March 2017, she contacted both SCA and Equifax on numerous occasions to dispute the charge, but the unpaid hospital bill remained on her credit report without modification or notations.[1] Id. ¶¶ 16–17.

Based on these allegations and others, Plaintiff's complaint asserts five counts against Equifax and four separate counts against CSA. Specifically, Counts One through Five allege that Equifax willfully or, in the alternative, negligently violated several provisions of the FCRA, including (1) 15 U.S.C. § 1681e(b), for failing to assure the accuracy of Plaintiff's credit information; (2) 15 U.S.C. § 1681i(a)(1), for failing to conduct a reasonable reinvestigation of Plaintiff's disputed charge; (3) 15 U.S.C. § 1681i(a)(2)(A), for failing to notify CSA of Plaintiff's disputed charge; (4) 15 U.S.C. § 1681i(a)(4), for failing to review all relevant information submitted by Plaintiff with respect to the disputed charge; and (5) 15 U.S.C. § 1681i(a)(5)(a), for failing to properly delete or modify the disputed charge from Plaintiff's file and notify Plaintiff of such action.

Counts Six through Eight allege that CSA willfully or, in the alternative, negligently violated several provisions of the FCRA, including (1) 15 U.S.C. § 1681s-2(b)(1)(A), for failing to conduct a reasonable investigation into Plaintiff's disputed charge; (2) 15 U.S.C. § 1681s-2(b)(1)(B), for failing to review all relevant information provided by the CRA with respect to the disputed charge; and (3) 15 U.S.C. §1681s-2(b)(1)(C) and (E), for failing to report the results of such investigation to the CRA and properly block, modify, or delete the disputed charge from the

---

[1] In the Declaration of Dawn Adams, which is attached as an exhibit to the instant Motion for Default Judgment, Plaintiff avers that the allegedly false information was finally removed from her credit report in or around April 2017. ECF No. 12-1 ¶ 21.

4

information that is reported to the CRA. Finally, Count Nine alleges that SCA defamed Plaintiff under Virginia law by falsely reporting Plaintiff's credit history.

### 2. The Frow Rule Applies Here.

At the outset, the Court finds that Equifax and SCA are not alleged to be jointly liable for any of the specific FCRA violations (Counts One though Eight) asserted in Plaintiff's complaint.[2] As summarized above, the two defendants are alleged to have violated separate provisions of the FCRA. Moreover, CRAs (like Equifax) and furnishers of credit information (like SCA) have different duties under the FCRA with respect to investigating and reinvestigating disputed credit charges. Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426, 432–33 (4th Cir. 2004); see also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1156 (9th Cir. 2009).

Even so, Plaintiff's claims against Equifax and SCA are certainly factually intertwined. For example, any duty of SCA as a furnisher of credit information under 15 U.S.C. § 1681s-2(b) is only triggered if and when it receives notice of a dispute by a CRA (here: Equifax). Furthermore, SCA's duties under § 1681s-2(b) necessarily involve and depend on what information it received from Equifax and when, as well as the communications SCA made to Equifax after SCA completed an investigation, if any, to the disputed charge. See 15 U.S.C. § 1681s-2(b)(1)(A), (B), (C) and (E). Likewise, Equifax's duties under 15 U.S.C. §§ 1681i(a)(2)(A) and 1681i(a)(4) involve notifying and communicating with the furnisher, SCA, regarding the disputed charge, and reviewing relevant information provided by the consumer, which may, under certain circumstances, include information about SCA and whether it is a reliable source of credit reporting. See, e.g., Cushman v. Trans Union Corp., 115 F.3d

---

[2] However, in Plaintiff's prayer for relief, she "prays that the Court enter a judgment for actual, statutory and punitive damages against the Defendants, jointly and severally . . ." Compl., ECF No. 1, at 15.

220, 225–26 (3d Cir. 1997) (citation omitted).

Furthermore, it is possible for Plaintiff's theories of recovery with respect to both defendants to be barred by the same factual finding, such as a finding that the disputed credit information is accurate[3] or a finding that Plaintiff has not suffered actual damages where willfulness is not proven. See 15 U.S.C. §§ 1681n, 1681o. Therefore, even if Equifax and SCA are not jointly and/or severally liable for the FCRA violations alleged in Plaintiff's complaint, the two defendants are "similarly situated" with regard to certain facts, "which, if established, would foreclose liability under the causes of action pleaded." Pheonix Renovation Corp., 197 F.R.D. at 583. For this reason, the Court finds that the Frow rule should apply to this case.

In addition, Plaintiff's motion for default judgment as to SCA seeks only a judgment as to SCA's liability, not damages. As noted above, Plaintiff intends to request a trial on damages if and when the Court enters the default judgment requested in the instant motion. ECF No. 11 at 1. However, such a trial would necessarily overlap with claims against Equifax given that Plaintiff alleges the same damages with respect to both SCA and Equifax in her complaint. See Compl., ECF No. 1, ¶ 23. For this reason, the Court finds that conducting a damages trial as to SCA at the same time that Equifax litigates the instant case on the merits would result in costly and duplicitous litigation efforts. For this reason too, the Court finds just reason to delay entry of any default judgment against SCA until after resolution of Plaintiff's case against Equifax on the merits.

---

[3] Accuracy is a defense to Plaintiff's FCRA claims. See Letren v. Trans Union, LLC, No. CV PX 15-3361, 2017 WL 445237, at *7 (D. Md. Feb. 2, 2017) ("Accuracy is a complete defense to a claim brought under § 1681e(b).") (internal citation omitted); DeAndrade v. Trans Union LLC, 523 F.3d 61, 67 (1st Cir. 2008) (holding that accuracy is a defense to claims brought under § 1681i(a)); Chiang v. Verizon New England Inc., 595 F.3d 26, 37 (1st Cir. 2010) (holding that accuracy is a defense to claims brought under § 1681s-2(b), extending the holding of DeAndrade).

## IV. CONCLUSION

Accordingly, the Court hereby **STAYS** Plaintiff's Motion for Default Judgment as to liability against defendant Security Collection Agency pending resolution of the instant case against defendant Equifax Information Services, LLC on the merits. ECF No. 11.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all Counsel of Record and to defendant Security Collection Agency at its last known address.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 21, 2018

7